**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EMMANUEL PALMER,

                Petitioner,                Case Number: 2:10-11553

v.                                    HONORABLE GERALD E. ROSEN

RAYMOND BOOKER,

                Respondent.

_____/

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION**
**FOR WRIT OF HABEAS CORPUS AND DENYING**
**CERTIFICATE OF APPEALABILITY**

       Petitioner Emmanuel Palmer has filed a *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  At the time he filed his petition, Petitioner was

incarcerated at the Ryan Correctional Facility in Detroit, Michigan.  Since that time,

Petitioner has been re-released on parole.  Respondent has filed a motion to dismiss the

petition on the ground that the matter fails to satisfy the "case or controversy"

requirement.

**I.**

       Petitioner pleaded guilty in Wayne County Circuit Court to manufacture/delivery

of less than fifty grams of cocaine.  On April 3, 2001, he was sentenced to two to twenty

years in prison.  He was released to an eighteen-month period of parole on March 31,

2006.

On April 2, 2007, Petitioner was found guilty of violating the terms of his parole. He was re-incarcerated for the parole violation for a period of sixty months. Petitioner filed a Petition for Judicial Review of the parole revocation in the Ingham County Circuit Court. The Ingham County Circuit Court affirmed the revocation of parole. *Palmer v. Michigan Parole Board*, No. 07-603-AP (Ingham County Cir. Ct. Oct. 25, 2007). Petitioner filed applications for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Michigan Parole Board*, No. 288473 (Mich. Ct. App. March 4, 2009); *People v. Michigan Parole Board*, No. 138643 (Mich. Aug. 6, 2009).

Petitioner then filed the pending habeas corpus petition. He challenges the revocation of his parole on these grounds: (i) the parole board did not provide a written statement for the reasons revoking parole in violation of *Morrissey v. Brewer,* 408 U.S. 471 (1972); and (ii) the decision finding Petitioner guilty of parole violations violated the Due Process Clause because it was totally lacking in evidentiary support and so irrational as to be fundamentally unfair.

## II.

Respondent has filed a motion to dismiss on the ground that, because Petitioner has been re-released on parole, the petition is moot. Petitioner was re-released to a twelve-month term of parole on September 9, 2010.

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This case or controversy requirement

means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). Where a habeas corpus petitioner challenges a conviction pursuant to which the petitioner is no longer incarcerated, collateral consequences sufficient to satisfy the case or controversy requirement will generally be presumed. *Sibron v. New York*, 392 U.S. 40, 55 (1968). However, the Supreme Court has declined to extend this presumption of collateral consequences to parole revocations. *Spencer v. Kemna*, 523 U.S. 1, 12-14 (1998). Instead, the Court requires a petitioner to demonstrate the existence of actual collateral consequences, where a petitioner challenges a parole revocation but has completed the sentence imposed upon revocation. *Id.* at 13-14. The Supreme Court has found a petitioner's claims that he may suffer detriment in future parole proceedings or that the parole may affect the petitioner's employment prospects or future criminal sentences to be insufficient to prove collateral consequences. *Id. Accord* Sterling v. Booker, No. 05-40190, 2007 WL 1232064 *1-2 (E.D. Mich. April 25, 2007) (dismissing as moot habeas petition challenging revocation proceedings where petitioner subsequently re-released on parole); *Cruz v. Nash*, No. 04-4801, 2006 WL 469650 *2 (D. N.J. Feb. 23, 2006) (same).

Petitioner has completed the sentence imposed upon revocation of his parole, but has not shown that he suffers from continuing collateral consequences of the parole revocation. Accordingly, his claims are moot and his petition shall be dismissed.

3

## III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition no longer presents a justiciable case or controversy. Therefore, the Court will deny a certificate of appealability.

## IV.

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion to Dismiss petition for a writ of habeas corpus is **GRANTED** and the matter is **DISMISSED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated: April 29, 2011                    s/Gerald E. Rosen

                                         Chief Judge, United States District Court

4

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 29, 2011, by electronic mail and upon Emmanuel Palmer, 3234 Annabelle Street, Detroit, MI 48217 by ordinary mail.

s/Ruth A. Gunther_____
Case Manager